IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| GEORGE A. SEMIAN | : | |
| a/k/a George Andrew Semian | : | CASE NO: 5-23-00220- HWV |
| a/k/a George Semian | : | |
| Debtor | : | |

| | | |
|---|---|---|
| KNEPH, LLC | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | ADV. NO: 5-23-00025 |
| GEORGE A. SEMIAN | : | |
| a/k/a George Andrew Semian | : | |
| a/k/a George Semian | : | |
| Defendant | : | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT OF KNEPH, LLC TO DETERMINE DISCHARGEABILITY OF A DEBT

AND NOW COMES, George A. Semian, Defendant/Debtor herein, by and through his attorney, Tullio DeLuca, Esquire and makes the following Answer and Affirmative Defenses to Plaintiff's Complaint to Determine Dischargeability of a Debt, as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted in part, denied in part. It is admitted that the Debtor has not received a discharge in the current case at No. 5-23-00220. However, the Debtor obtained discharge of the debt alleged in Plaintiff's Complaint at Case No. 5-11-0772-RNO. This case was filed by the Honorable Mark Conway on behalf of the Debtor. The Debtor's interest in Semian & Gress Real Estate, Inc. was listed on Schedule B and said interest includes any intangible property interest the Debtor had in same corporation. The breach of contract relates to an Asset Purchase Agreement

dated January 21, 2011 which is prior to date and filing of the Chapter 7 Petition on February 4, 2011.  Further, Plaintiff admitted to discovering missing money from real estate escrow account owned in the said corporation in May 2011 and was fully aware of the Debtor's bankruptcy case and failed to file an Objection to Discharge of Debt by the deadline of June 7, 2011.  The debt does not have to be listed in a Chapter 7 proceeding in order to be discharged pursuant to the Third Circuit Case of Judd v. Wolfe, 78 F. 3d 110 (3rd. Cir. 1996).

5. Admitted.

## PARTIES

6. Admitted.

7. Admitted in part, denied in part. It is admitted that Plaintiff obtained a judgment against the Defendant for breach of contract dated January 21, 2011.  It is denied that said judgment is valid against the Debtor as said debt was discharged in the Chapter 7 Case No. 5-11-0772-RNO. In addition, the judgment is not a valid lien against any of Debtor's property listed on Schedule B.

8. Admitted.

## JURISDICTION AND VENUE

9. Admitted.

10. Admitted.

11. The averments of this paragraph are conclusions of law, to which no responsive pleading is required.   To the extent a response is required the averment is denied.

## GENERAL FACTUAL ALLEGATIONS

12. Admitted.

13. Denied as stated.  It is denied that at all times Defendant was doing business only as

Semian Real Estate Group.

14. Denied. The averments of this paragraph are specifically denied. Further, the Defendant is not in position to understand what the Plaintiff understood at the time. By way of further answer, all agents are independent contractors and they all remained with KNEPH, LLC for four (4) years. Since they were all agents and independent contractors, there is no way Defendant could guarantee the agents would remain with the new purchaser.

15. Denied. The averments of this paragraph are specifically denied. . The Asset Purchase Agreement speaks for itself and is not part of the record at this time. Strict proof is hereby demanded at Trial.

16. Denied. The averments of this paragraph are specifically denied. Defendant denies that he knowingly left an outstanding obligation exceeding $50,000.00. Strict proof is hereby demanded at Trial.

17. Denied. The averments of this paragraph are specifically denied. Defendant did not actively conceal missing escrow funds and he did leave his files intact to allow for Realty Network Group to review. Strict proof is hereby demanded at Trial

18. Denied. The averments of this paragraph are specifically denied. Defendant denies that he did not maintain a rental escrow account and KNEPH was fully aware of rental escrow funds and missing funds. Strict proof is hereby demanded at Trial.

19. Denied. The averments of this paragraph are specifically denied. Specifically, Defendant has no knowledge exactly what Mr. DeStefano did with respect to the real estate commission. Further, Defendant still maintains a real estate license and actively lists and sells property in the Commonwealth of Pennsylvania. By way of further answer, Mr. DeStefano was specifically aware of the missing funds prior to signing the Asset Purchase Agreement and

actually placed a check of his own into the escrow account to make it whole. Mr. DeStafano did not drive to the commission upon discovery of the missing funds. Instead, he informed the commission after he terminated the Defendant. Strict Proof is hereby demanded at Trial.

20. The averments of this paragraph are conclusions of law, to which no responsive pleading is required. To the extent a response is required the averment is denied..

21. Admitted. The Newspaper Article speaks for itself. To the extent a response is required the averment is denied.

22. Admitted. By way of further answer, Plaintiff was fully aware of missing escrow funds and failed to file an objection to discharge in Defendant's Chapter 7 proceeding.

23. Admitted. By way of further answer, Plaintiff was fully aware of missing escrow funds and failed to file an objection to discharge in Defendant's Chapter 7 proceeding.

24. Admitted in part, denied in part. It is admitted that KNEPH issued a a check to rental tenants. It is denied that the assignment is valid and effective to provide Plaintiff standing to pursue a claim against the Defendant.

25. Admitted. By way of further answer, Plaintiff was fully aware of missing escrow funds and failed to file an objection to discharge in Defendant's Chapter 7 proceeding.

26. Admitted. By way of further answer, Plaintiff was fully aware of missing escrow funds and failed to file an objection to discharge in Defendant's Chapter 7 proceeding. .

27. Admitted. Admitted in part, denied in part. It is admitted that KNEPH issued a a check to rental tenants. It is denied that the assignment is valid and effective to provide Plaintiff standing to pursue a claim against the Defendant.

28. Admitted. By way of further answer, Plaintiff was fully aware of missing escrow funds and failed to file an objection to discharge in Defendant's Chapter 7 proceeding.

29. Admitted. By way of further answer, Plaintiff was fully aware of missing escrow funds and failed to file an objection to discharge in Defendant's Chapter 7 proceeding.

30. Admitted in part, denied in part. It is admitted that the escrow funds alleged in Paragraph 30 was not paid back by the Defendant. It is denied that KNEPH has standing to pursue a claim for same against the Plaintiff.

31. Denied. Defendant denies the characterization and nature of his arrest and impact on the public and on KNEPH, Inc. The public coverage clearly demonstrated KNEPH, Inc, was a purchaser of intangible assets of Semian & Gress Real Estate, Inc. and had nothing to do with misappropriation of the funds as the principal had reported same to the Real Estate Commission and District Attorney. By way of further answer, the coverage was limited and charges against Defendant were dismissed.

32. Denied. The averments are conclusions asserted by Mr. DeStefano as to impact of negative publicity and has no relevance whether the debt arising from breach of contract is non-dischargeable.

33. Denied. The averments are conclusions asserted by Ms. Donnelly O'Boyle as to impact of Defendant's arrest to recruiting real estate agents. By way of further answer, the impact of keeping real estate agents has no relevance as to whether the debt arising from breach of contract is non-dischargeable.

34. Denied. Defendant has no knowledge as to what Plaintiff discussed and considered with Lavelle Strategy Group. By way of further answer, the Defendant's breach of contract allegedly resulting in rebranding by the Plaintiff was not as a result of Defendant's false pretenses, false representation or actual fraud or from defalcation while acting in a fiduciary capacity, embezzlement or larceny. The rebranding was a business decision made by Plaintiff concerned

over alleged negative impact of Defendant's actions and conduct. There was no false pretenses, representations or actual fraud made by the Defendant to convince Plaintiff to invest in money to rebrand. Strict proof is hereby demanded at trial.

35. Denied. Defendant reasserts his answers in Paragraph 34 as if fully set forth herein.

36. Denied. Defendant has no direct knowledge who Plaintiff hired for rebranding but it has no relevance whether the alleged debt is a non-dischargeable debt.

37. Denied. The averments are conclusions asserted by Mr. DeStefano. It was his personal decision to rebrand and promote his new company and was not the result of any actual false representation, false pretenses, fraud or defalcation by Defendant.

38. Denied. The averments are conclusions asserted in Paragraph 38. By way of further answer, the allegations confirm that the breach of contract and alleged debt relate to Asset Purchase Agreement dated prior to Chapter 7 filing. The allegations outline the reasons for rebranding, but does not lend any support that Defendant was grossly negligent and evil in such nature resulting in rebranding.

39. Denied . The averments are conclusions asserted in Paragraph 39. By way of further averments, the allegations do not support the alleged debt being non-dischargeable. The allegations simply outline the extent of rebranding.

40. Denied. The Defendant has no direct knowledge when the rebranding was completed.

41. Denied. The Defendant has no direct knowledge as to the cost of rebranding and whether said cost was reasonable and necessary. By way of further answer, Defendant's actions and representations do not arise to being fraudulent, gross recklesness and evil directly resulting in rebranding efforts and cost of same. The actual debt incurred by Plaintiff to rebrand was not the direct result from any false pretense, fraud and misrepresentations as to rebranding.

Defendant did not intentionally harm or act in culpable statement of mind causing KNEPH, Inc. to rebrand.

42. Denied. The Defendant has no knowledge whether KNEPH, Inc. paid each and every invoice and whether services were reasonable and required under the circumstances. By way of further answer, Defendant did not act in a fiduciary capacity resulting in the rebranding. Plaintiff must demonstrate gross recklessnes and evil motive that the Defendant was fully aware his conduct would result in a rebranding cost of $101, 206.51.

43. Denied. The averments are conclusions of law. By way of further answer, KNEPH, Inc was aware of the escrow deposits. Defendant has paid back the amounts expended by KNEPH, Inc. for the deposits. Plaintiff was fully aware of the missing deposits and failed to file an Objection to Discharge in his Chapter 7 proceeding and therefore, any debts owed for missing escrow deposits are hereby discharged.

44. Denied. Defendant has paid restitution for the amount owed. In addition, Plaintiff was fully aware of the missing deposits and failed to file an Objection to Discharge in the Chapter 7 proceeding and therefore, any debts owed for missing escrow deposits are hereby discharged.

45. Denied. The averments are conclusions of law. Defendant reasserts all his allegations in previous paragraphs and sets forth that breach of contract award is not sufficient to demonstrate and prove Defendant acted in fraudulent manner resulting in substantial rebranding. The underlying state action was a breach of contract case. There was no fraud or breach of fiduciary duty causes of action asserted and the Court Order clearly states damages were the result of breach of contract not based on fraudulent actions, conduct or defalcation. Strict proof is hereby demanded at trial.

46. The averments are conclusions of law. The alleged debt was previously discharged in

a Chapter 7 proceeding and/or in the alternative, the alleged debt is purely general unsecured debt arising from breach of contract subject to discharge provisions in a Chapter 13 proceeding.

47. The averments are conclusions of law. The Orders attached speaks for themselves and reveal an unsecured debt arising from breach of contract.

48. The averments of this paragraph are conclusions of law, to which no responsive pleading is required. To the extent a response is required the averment is denied.

49. The averments of this paragraph are conclusions of law, to which no responsive pleading is required. To the extent a response is required the averment is denied.

50. The averments are conclusion of a law. By way of further answer, Defendant denies characterization of the decision. The proceeding related to breach of contract case against Defendant.

51. The averments of this paragraph are conclusions of law, to which no responsive pleading is required. To the extent a response is required the averment is denied.

52. The averments of this paragraph are conclusions of law, to which no responsive pleading is required. To the extent a response is required the averment is denied.

**COUNT I -Non-Dischargeabilty of Plaintiff's Judgment Under Section 523(a)(2)(A).**

53. Defendant repeats and re-alleges the allegations set forth in Paragraphs 1 through 52 of the Answer as if set forth at length herein.

54. Plaintiff's allegations are conclusions of law and repeats and sets forth provisions of 11 U.S.C. Section 523(a)(2)(A). They are denied as such.

55. Denied. Plaintiff's allegations are conclusions of law. Defendant specifically denies the alleged debt falls under the above section as outlined and asserted in previous paragraphs

which are reasserted and set forth herein. The alleged debt was discharged in previous Chapter 7 Bankruptcy filed by the Defendant. In the alternative, the alleged debt is a general unsecured claim and dischargeable. Plaintiff is attempting to characterize a debt arising from breach of Asset Purchase Agreement as falling under the above exception. The facts at trial will reveal that the alleged debt was missing escrow funds known by the Plaintiff during the pendency of a Chapter 7 proceeding and rebranding costs were not incurred as a direct result of any false pretenses, false representations or actual fraud . The only amount which could possibly fall under such provision is $12,100.00 in damages arising from missing escrow funds.

**COUNT II- Non-Dischargeable of Plaintiff's Judgment under Section 523(a)(4)**

56. Defendant repeats and re-alleges the allegations set forth in Paragraphs 1 through 55 of this Answer as if set forth at length herein.

57. Plaintiff's allegations are conclusions of law and repeats and sets forth provisions of 11 U.S.C. Section 523(a)(4). They are denied as such.

58. Denied. Plaintiff's allegations are conclusions of law. Defendant specifically denies the alleged debt falls under the above section as outlined and asserted in previous paragraphs which are reasserted and set forth herein. The alleged debt was discharged in previous Chapter 7 Bankruptcy filed by the Defendant. In the alternative, the alleged debt is a general dischargeable unsecured claim. Plaintiff is attempting to characterize a debt arising from breach of Asset Purchase Agreement as falling under the above exception. The facts at trial will reveal that the alleged debt was missing escrow funds paid known by the Plaintiff and rebranding costs were not incurred as a direct result of Defending acting in a fiduciary capacity, embzellement, or larceny. The only amount which could possibly fall under such provision is $12,100.00 in damages arising from missing escrow funds. Defendant's rebranding costs were not the result of Defendant

committing a defalcation while acting in his fiduciary capacity. The United States Supreme Court in <u>Bullock v. Bank Champaign</u>, 133 S. Ct. 1754 (2013) outlined strict test of gross negligence and evil manner. The facts will reveal that Defendant's actions were not evil or gross negligence resulting in rebranding costs incurred by Plaintiff.

WHEREFORE, Defendant respectfully requests that this Court enter a judgment determining the debt as being a dischargeable debt and enter a judgment in favor of the Defendant/Debtor and order Plaintiff pay costs and attorney fees incurred by the Defendant/Debtor.

## AFFIRMATIVE DEFENSES

59. The Defendant herein incorporate by reference the answers contained in Paragraphs 1 through 58 above as if fully set forth at length.

### FIRST AFFIRMATIVE DEFENSE

The alleged debt was discharged under the Chapter 7 Case No. 5-11-00772-RNO.

### SECOND AFFIRMATIVE DEFENSE

The alleged missing escrow funds were known by the Plaintiff during the pendency of the Chapter 7 proceeding and Plaintiff failed to object to the discharge..

### THIRD AFFIRMATIVE DEFENSE

The alleged action is barred by the Chapter 7 discharge.

### FOURTH AFFIRMATIVE DEFENSE

The alleged action is stayed by the Chapter 7 proceeding.

### FIFTH AFFIRMATIVE DEFENSE

Defendant committed no fraud or misrepresentations.

### SIXTH AFFIRMATIVE DEFENSE

Defendant committed no fraud or defalcation while acting in a fiduciary capacity

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's judgment is void ab initio.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff did not justifiably rely on any misrepresentations which caused it to invest and incur substantial rebranding costs.

### NINTH AFFIRMATIVE DEFENSE

Defendant was not grossly negligent or reckless.

### TENTH AFFIRMATIVE DEFENSE

Defendant had no evil motive or state of mind to harm Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE.

The judgment obtained by Plaintiff was the result of breach of contract and not based on any causes of actions for misrepresentation, fraud or breach of fiduciary duty.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action for non-dischargeability.

### THIRTEENTH AFFIRMATIVE DEFENSE.

Plaintiff was fully aware of the Chapter 7 proceeding and failed to object in a timely manner to object to discharge.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has violated the discharge injunction in the Chapter 7 proceeding.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has waived right to contest discharge and is estopped from raising the non-dischargeability.

## SIXTEENTH AFFIRMATIVE DEFENSE.

Plaintiff's claim is barred by the statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has intentionally, wilfully and maliciously instituted the within action for the purpose of coercing and compelling some monetary settlement to which Plaintiff is not entitled. Accordingly, this Complaint constitutes malicious abuse of process, which must be dismissed and all costs and attorney fees charged to the Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant reserves right to assert any additional affirmative defenses.

WHEREFORE, Defendant, respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

Date: Respectfully submitted,

/s/Tullio DeLuca
Tullio DeLuca, Esq.,
Attorney for Defendant
PA ID#59887
381 North 9th Avenue
Scranton, Pa 18504
Telephone# 570-347-7764
Fax# 570-347-7763

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| GEORGE A. SEMIAN | : | |
| a/k/a George Andrew Semian | : | CASE NO: 5-23-00220- HWV |
| a/k/a George Semian | : | |
| Debtor | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| KNEPH, LLC | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | ADV. NO: 5-23-00025 |
| GEORGE A. SEMIAN | : | |
| a/k/a George Andrew Semian | : | |
| a/k/a George Semian | : | |
| Defendant | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I, Tullio DeLuca, Esquire, hereby certify that I served a true and correct copy of the Answer and Affirmative Defenses to Complaint of Kneph, LLC to Determine Dischargeability of a Debt in the above-referenced case, on the following:

**Nicholas Kravitz, Esq.**
**Suite 200, 425 Biden Street**
**Scranton, PA 18503**

**Raymond W. Ferrario, Esq.**
**Suite 528, 538 Biden Street**
**Scranton, PA 18503**

Date: July 9, 2023

Respectfully submitted,
LAW OFFICE OF TULLIO DELUCA, ESQ.

/s/Tullio DeLuca
Tullio DeLuca, Esquire
PA ID# 59887
Attorney for Debtors/Defendants
381 N. 9th Avenue
Scranton, PA 18504
(570) 347-7764